IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL WILLIAM MAGIDSON,<br><br>    Petitioner(s),<br>v.<br><br>KATHLEEN ALLISON, Warden,<br><br>    Respndent(s)._____/ | CASE NO. 5:10-cv-05118 EJD<br><br>**ORDER TO SHOW CAUSE RE: PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Michael William Magidson ("Petitioner"), represented by counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction from Alameda County Superior Court for second-degree murder. See Docket Item No. 1. Having undertaken an initial review of the Petition and for good cause shown, the court will order Respondent to show cause why the Petition should not be granted.

**I. BACKGROUND**

Petitioner and co-defendants Jose Merel ("Merel") and Jason Cazares ("Cazares") were charged by Information of the murder of Edward Araujo ("Araujo"). On September 12, 2005, a jury returned guilty verdicts against Petitioner and Merel. On January 27, 2006, Petitioner was sentenced to a custodial term of 15 years to life.

According to the Petition, an abbreviated version of the events leading up to Petitioner's conviction are as follows: Araujo, although anatomically male, had been dressing full-time as a woman since the age of 14, and met Petitioner and Cazares during the summer of 2002 when Araujo

1

was 17 years old. Araujo eventually became a regular visitor to Merel's house in Newark, California, where Petitioner, Merel, Cazares, Jaron Nabors ("Nabors") and others routinely gathered to "drink, play dominoes . . . and smoke marijuana."

Over the course of some months, Araujo had sexual contact with Nabors, Merel, and Petitioner, and as a result, the three began to speculate whether Araujo, who had always portrayed to be female, was actually male. After confronting Araujo with this question on October 4, 2002, it was revealed that Araujo was male. Araujo was beaten as a result and, eventually, killed.

Petitioner's conviction was affirmed by the California Court of Appeal on May 12, 2009. The California Supreme Court denied a petition for review on August 19, 2009.

## II. DISCUSSION

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Here, Petitioner makes three principal arguments in support of the writ: (1) the prosecutor violated Petitioner's rights under the Sixth and Fourteenth Amendments by "vouching" for Merel during his testimony; (2) the prosecutor violated Petitioner's rights under the Sixth and Fourteenth Amendments by impugning the integrity of defense counsel and implying that defense counsel believed petitioner was guilty; and (3) instructional error. Petitioner further alleges he has exhausted his state remedies as to these arguments. Liberally construed, Petitioner's claims appear cognizable under § 2254 and warrant a response from Respondent.

Accordingly, the court orders Respondent to show cause why the petition should not be granted.

## III. ORDER

The court orders as follows:

1. The Clerk shall serve by mail a copy of this Order to Show Cause and the Petition

2
CASE NO. 5:10-cv-05118 EJD
ORDER TO SHOW CAUSE RE: PETITION FOR WRIT OF HABEAS CORPUS

and all attachments upon Respondent and Respondent's attorneys, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal court records that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving a copy on Respondent **within thirty (30) days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition **within thirty (30) days** of receipt of the motion. Respondent may file with the court and serve on Petitioner a reply **within fifteen (15) days** of receipt of any opposition.

**IT IS SO ORDERED.**

Dated: February 22, 2013

EDWARD J. DAVILA
United States District Judge